UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X        05 CV 5710 (NG) (CLP)

NARVAL NARCISSI,

                           Petitioner,

    -against-                                        **ORDER**

**ROBERT ERCOLE**, Superintendent of Green
Haven Correctional Facility,

                           Respondent.
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Petitioner Narval Narcissi applies to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He delivered his petition to prison authorities on November 10, 2005 for mailing to this court.

      By order dated August 30, 2004, issued under docket number 04 CV 3220, the court dismissed without prejudice a prior petition for a writ of habeas corpus filed by Mr. Narcissi for failure to exhaust state court remedies. The August 30, 2004 order noted that applications for habeas corpus relief are subject to a one-year limitations period and specifically advised petitioner "to file his habeas petition promptly following the resolution of all State court proceedings" because the court estimated that, at that time, he had only 79 days remaining in his limitations period.

      A petition for a writ of habeas corpus by a person in custody pursuant to a State court judgment is subject to a one-year period of limitations. 28 U.S.C. § 2244(d)(1). In this case, the one-year limitations period began to run on September 3, 2003, thirty days after the Appellate Division, Second Department, denied petitioner's appeal and, thus, the day on which his judgment

1

of conviction became final under New York law. *See* N.Y. Crim. P. Law § 460.10(5)(a).

Although "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded for purposes of calculating the one-year limitations period, 28 U.S.C. § 2244(d)(2), the limitations period continues to run once the State court motion is "finally disposed of and further appellate review is unavailable under the particular state's procedures," *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd on other grounds*, 531 U.S. 4 (2000). According to the instant petition, petitioner filed a Section 440 motion on June 15, 2004; it was denied on September 13, 2004. Petitioner's time to appeal the denial to the Appellate Division expired on October 13, 2004. Petitioner then filed an application for a writ of *error coram nobis* on February 18, 2005; it was denied on July 5, 2005. Further appellate review of the denial of a writ of *error coram nobis* is not permitted under New York law. Between the date that petitioner's judgment of conviction became final and the date that the Section 440 motion was filed, over nine months elapsed. Between the date that further appellate review of the denial of petitioner's Section 440 motion became unavailable and the date that the application for a writ of *error coram nobis* was filed, over four months elapsed. Between the date that petitioner's application for a writ of *error coram nobis* was denied and the date that the instant habeas corpus petition was filed, over four months elapsed. Thus, excluding the time during which the State court motions were pending, over seventeen months elapsed from the date that petitioner's conviction became final to the date that the instant petition was filed. Accordingly, the petition is untimely.

For the reasons set forth above, petitioner's application for a writ of habeas corpus is dismissed. Since petitioner has failed to make a substantial showing of the denial of a constitutional

right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c). Moreover, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to close this case.

                                          **SO ORDERED.**

                                          /S/
                                        **NINA GERSHON**
                                        **United States District Judge**

Dated:       Brooklyn, New York
               January 3, 2006